IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.: 4:12-817-TLW |
| | ) | |
| RICHARD DEMOND SALTERS, II. | ) | |
| | ) | |

# ORDER

This matter comes before the Court for consideration of the defendant's Pro Se Motion to Vacate, (Doc. # 430), and Response/Supplement to the Motion to Vacate, (Doc. #431). In these motions, the defendant argues that he was improperly classified as a career offender at sentencing and that his attorney failed to challenge the use of "two assault charges" as career offender predicates.

This Court now advises the defendant that this Court intends to construe his motion and supplement as a Motion to Vacate pursuant to 28 U.S.C. § 2255. The defendant has the right to consent to this characterization or to withdraw the motion. See Castro v. U.S., 540 U.S. 375, 375 (2003). If the defendant does not wish for this motion to be construed as a § 2255 motion, he must inform the Court within twenty-one days of the date of this Order that he that he wishes to withdraw the motion. If construed as a § 2255 motion, the defendant shall have the opportunity to supplement or amend his motion to the extent permitted by law.

This Court cautions the defendant that, as a consequence of converting the motion to a § 2255 motion, any later attempt to file a § 2255 motion would be subject to the rules of dismissal for filing a second or successive petition. Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Furthermore, this Court cautions that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period. Specifically, the rule reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**IT IS SO ORDERED**

                                              s/Terry L. Wooten
                                              Chief United States District Judge

May 19, 2014
Columbia, South Carolina