IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Richard Demond Salters, II,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:12-cr-00817-TLW<br>C/A No. 4:14-cv-02124-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Richard Demond Salters, II. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner was one of eight individuals indicted on various drug charges. He pled guilty to Conspiracy to Possess With Intent to Distribute and Distribute a Quantity of Cocaine Base, a lesser-included offense in Count 1.

The Presentence Investigation Report ("PSR") concluded that Petitioner was accountable for 454.4 grams of crack cocaine and that he should be sentenced as a career offender based on his prior state convictions for Possession of Marijuana With Intent to Distribute, and Assault and Battery of a High and Aggravated Nature ("ABHAN"). Based on the Fourth Circuit's decision in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), his counsel objected to the ABHAN conviction counting as a predicate for career offender purposes. The Government agreed with the objection and represented to the Court at sentencing that the PSR would need to

1

be amended to reflect that Petitioner was not a career offender, and the Court agreed.[1]

As a result of Petitioner not being classified as a career offender, his criminal history category was reduced to V from VI. However, this did not alter his offense level, as the drug weight and applicable enhancements resulted in an offense level of 36, while his offense level under the career offender calculation would have been 34. After receiving a three-level reduction for acceptance of responsibility, the final guideline calculation was a total offense level of 33 and a criminal history category of V, which resulted in a guideline range of 210 to 262 months. The Court sentenced him to 216 months. Judgment was entered on November 20, 2013. He did not file a direct appeal.

On May 1, 2014, Petitioner filed a "Motion to Vacate Career Offender Status," and several days later, he filed a supplement to that motion. ECF Nos. 430, 431. On May 19, 2014, the Court advised him that it intended to construe his filings as a motion to vacate under 28 U.S.C. § 2255. ECF No. 432. On June 2, 2014, he filed a formal § 2255 motion using the standard form.[2] ECF No. 434. The Government filed a response in opposition and a motion for summary judgment on July 16, 2014, ECF No. 443, 444, which included an affidavit by defense counsel, ECF No. 443-2. On August 18, 2014, he submitted a response in opposition to the Government's motion for summary judgment. ECF No. 448.

This matter is now ripe for decision.

---

[1] Additionally, the Government conceded that it would no longer seek a two-level enhancement for an aggravating role or a four-level enhancement for a leadership role, in consideration of Petitioner waiving his other objections to the PSR.

[2] The Court has considered these three filings by Petitioner together as one § 2255 motion.

2

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.     Standard of Review

Petitioner brings this motion *pro se*.  Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  These pleadings are held to a less

stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.     Discussion

Considering Petitioner's filings together, he has asserted two grounds for relief:  (1) that he was improperly classified and sentenced as a career offender; and (2) that his counsel was ineffective in failing to object to him being improperly classified as a career offender. This petition is easily resolved, as he was not sentenced as a career offender. As discussed above, though the PSR reflected that he was a career offender, he was not actually sentenced as one, which was due to the objection filed by his counsel. His total offense level was calculated from a base offense level of 32 based on the drug weight, plus 2 levels for possession of a firearm, plus 2 levels for the use of violence, minus 3 levels for acceptance of responsibility. His criminal history category was calculated in the standard fashion without a career offender

4

enhancement. As he was not sentenced as a career offender, he is not entitled to relief.[3]

## V.   Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 444, is **GRANTED** and Petitioner's motion for relief pursuant to § 2255, ECF No. 434, is **DENIED**. To the extent that his additional filings, ECF Nos. 430, 431, 448, have been docketed as motions, these motions are also **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

January 13, 2015
Columbia, South Carolina

---

[3] In Petitioner's response in opposition to the Government's motion for summary judgment, he also raises issues of prejudice regarding his sentencing enhancements and refers to his sentence as "cruel and unusual punishment," though he does not clearly articulate an additional ground for relief. To the extent that he has raised an additional ground for relief, the Court has considered it and finds it to be without merit.