IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Richard Demond Salters II | Case No. 4:12-cr-00817-TLW-8<br><br>**Order** |

This matter is before the Court on Defendant Richard Demond Salters II's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) for several reasons, including the risk posed by the ongoing COVID-19 pandemic, particularly within the prison population.

The Court may reduce a defendant's sentence under that statute only "after [(1)] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [(2)] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). This statute requires a defendant to exhaust administrative remedies prior to seeking relief in this Court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, No. 99cr157 (DLC), 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies).

Here, Defendant has not alleged that he has made such a request to his warden or that he has exhausted his administrative remedies. Accordingly, his motion, ECF

1

No. 650, is **DENIED**.

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 16, 2020
Columbia, South Carolina

2