IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Richard Demond Salters, II | Case No. 4:12-cr-00817-TLW<br><br>**Order** |

This matter is before the Court on Defendant Richard Demond Salters, II's pro se motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). ECF No. 676. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

On March 27, 2013, Defendant pled guilty to conspiracy to possess with intent to distribute and distribute a quantity of cocaine base. ECF Nos. 241, 264, 266. Defendant was sentenced to 216 months of imprisonment followed by 6 years of supervised release. ECF No. 390. On September 30, 2015, the Court reduced Defendant's sentence to 204 months pursuant to 18 U.S.C. § 3582(c)(2) and retroactive Guideline Amendment 782. ECF No. 477. On September 13, 2016, the Court again reduced Defendant's sentence to 138 months pursuant to Rule 35(b). ECF No. 505. Defendant has served approximately 103 months of that sentence, and BOP records reflect that his projected release date is August 2, 2022.

1

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and

compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 2021 WL 1216543 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In Defendant's motion, he states that a sentence reduction is appropriate due to the impact of COVID-19 at the facility where he is imprisoned and because his medical conditions enhance his risk of complications or death if he were to contract the virus. ECF No. 676 at 5. He also argues that he would not be a danger to the community if released. *Id.* at 10. The Government opposes his motion, arguing that although Salters has "demonstrated 'extraordinary and compelling' circumstances" his motion should be denied "because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors." ECF No. 679 at 9. Because the Government acknowledges that Defendant demonstrates extraordinary and compelling reasons, the Court will accept that position[1] and analyze the § 3553(a) factors to determine if release is warranted.

---

[1] The Court notes that Defendant lists several medical conditions as a basis for establishing extraordinary and compelling reasons: obesity, latent tuberculosis, and one functional kidney/kidney damage. ECF No. 676 at 10. He submitted medical records that confirm those conditions. ECF No. 57. Those medical records also reflect that he has been proscribed medication to control and treat his conditions, and that he has been seen by medical professionals on several occasions. The Court has

3

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report (PSR) and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, all of the § 3553(a) factors, and his post-sentencing conduct.[2] In light of those considerations, the Court concludes that the § 3553(a) factors weigh against release. The Court's reasons for reaching this conclusion include (1) the seriousness of federal conviction (the instant offense), and (2) his lengthy and violent criminal history.

The Court concludes that Defendant's motion is denied based on its analysis and balancing of all of the § 3553(a) factors, including the compassionate release issues not in play at the original sentencing. *Kibble* at *7 (Gregory, C.J., concurring). In conjunction with the § 3553(a) factors, it is appropriate to highlight the underlying federal conviction and the Defendant's criminal history. First, Defendant was convicted of a serious drug crime—conspiracy to possess with intent to distribute and distribute a quantity of cocaine base. He was identified as a major supplier of powder and crack cocaine and was held accountable 454.4 grams of crack cocaine. PSR ¶ 10, 24. Notably, he was involved in an attempt to shoot and kill his codefendant whom

---

reviewed the medical records, treatment records, and other miscellaneous BOP records that Defendant provided.

[2] The Court has considered in its analysis each of the issues raised in Defendant's filings, including (1) his medical conditions in light of COVID-19; (2) the way that the BOP is managing the pandemic at its facilities; (3) his programming and rehabilitation efforts while incarcerated; (4) the First Step Act's changes to the 851 enhancement; (5) his pattern score of low; and (6) his release plan including living arrangements, family support, and employment opportunities.

4

he suspected of cooperating with law enforcement, PSR ¶ 24, and was ultimately held accountable for possessing a firearm and using violence during the course of his drug dealings.[3] PSR ¶¶ 61, 62.

Prior to Defendant's federal drug conviction, he had a lengthy criminal history that spanned over a decade and involved violent conduct: (1) unlawful weapon, (2) possession of marijuana with intent to distribute, (3) resisting arrest, (4) two convictions for criminal domestic violence, (5) simple assault and battery, (6) several convictions for possession of marijuana, and (7) assault and battery of a high and aggravated nature (ABHAN). PSR ¶¶ 31-44. The facts of Defendant's ABHAN conviction state that Defendant did "strike [the victim] about the face and body with his hands and feet…" PSR ¶ 41. The Court further notes that Defendant failed to comply with his conditions of probation on two occasions which resulted in a revocation of probation and an extension of probation. PSR ¶¶ 33, 41. The Defendant also committed the instant offense while under a criminal justice sentence for his ABHAN conviction. PSR ¶ 46. After a review of Defendant's record and the facts surrounding the instant offense, the Court concludes that the § 3553(a) factors weigh against a reduction in sentence, and that Defendant would pose a danger to the community if released.

---

[3] In Defendant's reply to the Government's response, he states that he was "never convicted of [attempted murder]." ECF No. 688 at 15. The PSR reflects that the attempted murder charge was nolle prosequi and was adopted as "part of the instant offense." PSR at ¶ 55. Defendant also argues that "the 851 enhancement w[ould] not apply if he [Salters] was sentenced today." ECF No. 688 at 8. The Court has considered that argument in making its decision.

In light of the seriousness of the instant offense, and Defendant's criminal history that involves a pattern of violence, the Court finds that the § 3553(a) factors weigh heavily against release. Accordingly, Defendant's motion for compassionate release, ECF No. 676, is **DENIED**.[4][5][6]

    **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 22, 2021
Columbia, South Carolina

---

[4] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g., United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

[5] Defendant also has a pending motion requesting a sentence reduction for rehabilitation. ECF No. 656. The Court has considered that motion and the arguments therein in connection with Defendant's motion for compassionate release. In light of the Court's ruling on his motion for compassionate release and the reasons stated, his motion for a sentence reduction, ECF No. 656, is denied.

[6] The Court has given careful and full consideration to the Fourth Circuit's recently issued opinion, *United States v. Kibble*, 2021 WL 1216543 (4th Cir. 2021), and has applied the standards set forth therein.